**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EUGENE SMITH & JILL MARA,

        Plaintiffs,

v.                              Civ. No. 11-639 JCH/WDS

FRED WERTH,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER OF REMAND</u>**

      This matter is before the Court, *sua sponte,* under 28 U.S.C. § 1447(c), on Defendant Fred

Werth's *Notice of Removal to United States District Court*, filed July 21, 2011 [Doc. 1].  After

reviewing the Notice and its attachments and considering the law, the Court will remand the case

to the State of New Mexico, County of Santa Fe, Magistrate Court.

      "There is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d

871, 873 (10th Cir. 1995).  "Removal statutes are to be strictly construed, and all doubts are to be

resolved against removal."  *Fajen v. Found. Reserve Ins. Co.*, *Inc.*, 683 F.2d 331, 333 (10th Cir.

1982) (internal citations omitted).  The removing party bears the burden of establishing the

requirements for federal jurisdiction.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290

(10th Cir. 2001).

> [A]ny civil action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the defendants,
> to the district court of the United States for the district and division embracing the
> place where such action is pending.

28 U.S.C. § 1441(a).  Thus, "[a]bsent diversity of citizenship, federal-question jurisdiction is

required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Diversity jurisdiction requires

complete diversity of citizenship between the plaintiff and defendant, and an amount in controversy in excess of $75,000.00.  *See* 28 U.S.C. § 1332(a).

> The presence or absence of  federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc.*, 482 U.S. at 392 (internal citations omitted).

It appears that the parties are not diverse, and Werth asserts that the Court's jurisdiction is based on a federal question.  *See* Doc. 1 ¶¶ 5 & 2[1].  Werth has not provided the Court, however, with a copy of the Plaintiffs' complaint filed in the state-court proceedings upon which the Court could determine whether the asserted claims arise under federal law.  Further, he does not provide any facts to support his supposition.  Werth alleges that he provided to Plaintiffs Jill Mara and Eugene Smith notice to remove their possessions from his property.  *See id.* ¶ 1, at 1.  He contends that Plaintiffs filed an action against him in the state magistrate court and have otherwise acted against him, including stealing his mail and killing "$75,000 worth of KOI Fish, et al."  *Id.* ¶¶ 3-4, at 2.  Werth has not met his burden of establishing that the federal court has subject-matter jurisdiction over this case.  The case will be remanded to state-court.

Moreover, Werth has not complied with the procedural requirements for removing an action to federal court.

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all*

---

[1]The paragraphs in the Notice for Removal are misnumbered.  After paragraph 5, the numbering restarts with 2.  *See* Doc. 1 at 2-3.

> *process, pleadings, and orders served upon such defendant or defendants in such action.*

28 U.S.C. § 1446(a).  A defendant's failure to comply with the express statutory requirements for removal makes the removal defective and justifies a remand.  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999).  Werth states in his Notice of Removal that "True and correct copies of the Complaint, Court Orders, Answer and Counterclaim are attached hereto as Exhibit A of documents filed In The Santa Fe MAGISTRATE COURT," and that the documents are the entire record of those court proceedings.  Doc. 1 ¶¶ 4 & 5[2], at 6.  But the only documents filed with the Notice are an Order Setting Aside Default Judgement [sic] and Default Judgment for Restitution.  *See* Doc. 1 at 8 & 9.  As discussed above, Werth did not attach to his Notice a copy of the Plaintiffs' complaint filed in the state-court proceedings.  He failed to comply with the necessary procedural requirements for filing for removal and the case must be remanded to state court on this ground as well.

Werth has also failed to meet the procedural requirements for removing an action to federal court because his filing is untimely.  A defendant must file the notice of removal within thirty days after being served.  *See* 28 U.S.C. § 1446(b).[3]  Werth did not provide any information in or with his

---

[2]This refers to the second paragraphs 4 and 5 of the document.

[3]    The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Notice to indicate the timing of service of process on this matter.  However, the documents that Werth did attach to the Notice indicate that an Order Setting Aside Default Judgement [sic] was entered on June 17, 2011 and a trial was held on July 11, 2011.  Clearly, Werth did not file his Notice of Removal within thirty days of being served with process in the state-court case as procedurally required.  This case must be remanded to state-court on this basis as well.

Werth has not shown that a federal question exists in this matter that would provide this Court subject-matter jurisdiction over it.  Further, Werth has not complied with the procedural requirements for removing a state-court case to the federal district court.  The effect of his failures compels the conclusion that this case must be remanded to the state magistrate court.

**IT IS THEREFORE ORDERED** that Defendant Fred Werth's *Notice of Removal to United States District Court* [Doc. 1] is REMANDED to the State of New Mexico, County of Santa Fe, Magistrate Court, for want of subject-matter jurisdiction and failure to comply with procedural requirements, and that the Clerk shall mail a certified copy of this order of remand to the magistrate-court clerk's office.

_____
**UNITED STATES DISTRICT JUDGE**

4